IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL J. LONGS II,<br><br>          Plaintiff,<br><br>vs.<br><br>LINCOLN POLICE OFFICER GROVES, and LAURA LOWE,<br><br>          Defendants. | 4:19CV3001<br><br>**MEMORANDUM AND ORDER** |

      Plaintiff filed a Complaint on January 9, 2019, when he was incarcerated at the Lancaster County Department of Corrections. (Filing No. 1.) He has been given leave to proceed in forma pauperis.[1] (Filing No. 8.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. For purposes of this initial review, the Complaint includes Plaintiff's supplemental filing (filing no. 9) and his Motion to Amend and Add Defendant and Supplemental Filing (filing no. 10).

---

[1] Plaintiff filed his Complaint in this matter on January 9, 2019, while he was incarcerated. The court granted him leave to proceed in forma pauperis on January 29, 2019, also while he was incarcerated. On April 12, 2019, the clerk of the court received correspondence from the Lancaster County Department of Corrections indicating Plaintiff was no longer incarcerated there. (*See* Filing No. 13.) As directed by the court (*see* filing no. 14), Plaintiff filed a change of address on April 23, 2019, confirming that he is no longer incarcerated. (*See* Filing No. 15.) At the time Plaintiff updated his address, the court should have required Plaintiff to file a new application for leave to proceed in forma pauperis if he wishes to continue pursuing this case in forma pauperis or, in the alternative, pay the court's $400.00 filing and administrative fees since he is no longer incarcerated. As the court is giving Plaintiff leave to amend his Complaint, the court will also direct Plaintiff to address the matter of his authorization to continue to proceed in forma pauperis in this matter.

# I. SUMMARY OF COMPLAINT

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against Officer Groves of the Lincoln Police Department ("Groves") and Laura Lowe ("Lowe"). Plaintiff also filed a motion to add Investigator Steven Wherry ("Wherry") as a defendant, which the court will grant. (Filing No. 10.) Plaintiff alleges Groves arrested Plaintiff on December 19, 2018, for "the alleged crime of violation of protection order" based on a false probable cause affidavit and in violation of Plaintiff's First Amendment right of freedom of speech "for speaking to Vida Sanchez, Suzann Shull, and Deputy Sheriff Hopper about filing lawsuits on Mallory A. [unintelligible] and Laura Lowe." (Filing No. 1 (capitalization corrected); Filing No. 9.) Plaintiff further alleges that Lowe conspired with Groves to have Plaintiff arrested so that Lowe's client could win a custody battle. (Filing No. 9.)

Plaintiff alleges no police investigation was conducted prior to his arrest and that "video footage of the alleged crime that transpired in the police station/court house" was not preserved and was recorded over in bad faith and in concert by Lowe, Groves, and Wherry. (Filing No. 9 at CM/ECF p. 1.) Plaintiff believes Wherry "is behind Officer Groves and is retaliating upon [Plaintiff] for filing civil suits against him." (Id. at CM/ECF p. 2.)

As a result of his arrest and ensuing incarceration, Plaintiff claims "[a] $25,000.00 bail has been set and [his] $500,000.00 bail has been revoked" and he has suffered "irreparable harm, mental anxiety, monetary damages, [and] loss of liberty." (Filing No. 1; Filing No. 9.) For relief, Plaintiff seeks $5,000,000.00 in damages and injunctive relief. (Filing No. 1; Filing No. 9.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting

under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A. Laura Lowe**

Plaintiff alleges Lowe conspired with Groves and Wherry to have Plaintiff arrested in order for Lowe's client to win a custody battle. From these allegations, the court can reasonably infer that Lowe is an attorney representing an individual involved in a custody dispute with Plaintiff.

As indicated above, to succeed on a § 1983 claim, a plaintiff must demonstrate that the defendant acted under color of state law. 42 U.S.C. § 1983; *West*, 487 U.S. 42, 49–50 (1988). The conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law. *See DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). However, a § 1983 claim may be brought against a private individual if he conspires with a state actor to deprive a person of his constitutional rights. *Id*. To state a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must allege "an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage. A plaintiff must allege with sufficient particularity and demonstrate with specific material facts that the parties reached some agreement and conspired together to deprive plaintiff of a federal right." *Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988) (internal citation and quotation marks omitted).

Here, Plaintiff's bare, conclusory allegations that Lowe conspired with the two Lincoln police officers to have him arrested so that her client could win a custody battle are insufficient to state a cognizable conspiracy claim. On the court's own motion, Plaintiff shall have 30 days to amend his Complaint to allege a plausible conspiracy claim against Lowe.

**B. Officer Groves and Investigator Wherry**

Liberally construed, Plaintiff alleges Groves submitted a false affidavit to obtain a warrant for Plaintiff's arrest and both Groves and Wherry tampered with and failed to preserve exculpatory evidence related to Plaintiff's pending criminal charges in violation of the Fourth and Fourteenth Amendments.

"A warrant based upon an affidavit containing deliberate falsehood or reckless disregard for the truth violates the Fourth Amendment and subjects the officer who submitted the affidavit to § 1983 liability." *Schaffer v. Beringer*, 842 F.3d 585, 593 (8th Cir. 2016) (quoting *Block v. Dupic*, 758 F.3d 1062, 1063 (8th Cir. 2014)), *cert. denied*, 137 S. Ct. 2299 (2017).

"Due process requires prosecutors to disclose favorable evidence that is material to the guilt or punishment of a defendant." *Brown v. Chiappetta*, 806 F. Supp. 2d 1108, 1115 (D. Minn. 2011) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). "*Brady*'s protections also extend to actions of other law enforcement officers such as investigating officers." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). However, an investigating officer violates the duty to preserve or disclose evidence only when he acts in bad faith. *Id*. "[T]he recovery of § 1983 damages requires proof that a law enforcement officer other than the prosecutor intended to deprive the defendant of a fair trial." *Id*. (quoting *Villasana v. Wilhoit*, 368 F.3d 976, 980 (8th Cir.2004) (internal quotation marks omitted)). Thus to show a due process violation for failure to disclose, a plaintiff must show that (1) the officer failed to disclose evidence favorable to the plaintiff, (2) the evidence was material, and (3) the officer acted in bad faith. *See Brown*, 806 F. Supp. 2d at 1116–17.

The court believes the Complaint fails to allege sufficient facts to state a plausible Fourth Amendment claim against Groves in his *individual* capacity as Plaintiff has only included bare, conclusory allegations that Groves' probable cause affidavit was "false" and relied upon information from an unspecified person

who Plaintiff claims he is suing for damages. ([Filing No. 1](#).) With respect to Plaintiff's due process claim, the Complaint's allegations appear sufficient at this early juncture to state a claim for relief against Groves and Wherry in their *individual* capacities. However, Plaintiff does not specify in what capacity Groves and Wherry are being sued, so the court must assume they are sued in their *official* capacities only. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)).

Liberally construed, Plaintiff's claims against Groves and Wherry are claims against the City of Lincoln. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson, supra*. To state a plausible section 1983 claim against the City of Lincoln, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights. *See Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lincoln police officers, or that Lincoln's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violations. In other words, Plaintiff has not alleged that the City of Lincoln has a policy or custom of violating citizens' Fourth Amendment or due process rights. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against the City of Lincoln across the line from conceivable to plausible.

On the court's own motion, Plaintiff will have 30 days in which to file an amended complaint that sufficiently alleges Fourth Amendment and due process claims against Groves and/or Wherry in their *individual* capacities. In his amended complaint, Plaintiff should be mindful to clearly explain what the defendant did to him, when the defendant did it, and how the defendant's actions harmed Plaintiff. Plaintiff is advised that any amended complaint he files will supersede his original Complaint and any supplements thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **August 26, 2019**, to amend his Complaint to state plausible claims for relief against Defendants Lowe, Groves, and Wherry in their individual capacities. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1; filing no. 9; filing no. 10) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint.**

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4. In addition, by **August 26, 2019**, Plaintiff must either file a new request for leave to proceed in forma pauperis or pay the court's $400.00 filing and administrative fees since he is no longer incarcerated. Failure to take either action will result in dismissal of this matter without further notice to Plaintiff.

5. The clerk of the court is directed to send to Plaintiff the Form AO 240, "Application to Proceed Without Prepayment of Fees and Affidavit."

6. Plaintiff's Motion to Amend and Add Defendant (filing no. 10) is granted. The clerk of the court is directed to add Steven D. Wherry as a defendant in this matter.

7. The clerk of the court is directed to set a pro se case management deadline using the following text: **August 26, 2019**: deadline for amended complaint and new IFP application or pay filing fee.

Dated this 25th day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge